UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAYMOND EARL CROSS,

    Plaintiff,

    v.                                                    CAUSE NO. 3:22-CV-916-JD-JEM

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Raymond Earl Cross, a prisoner without a lawyer, filed an amended complaint. ECF 6. As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). Because Cross is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Cross alleges he was written up by Lieutenant DaJuan Lott for damaging his cell at the Indiana State Prison on February 23, 2022. However, Cross claims the cell was

already damaged when he moved in. In advance of his disciplinary hearing on the matter, Cross requested a "cell inspection sheet," but he never received it. ECF 6 at 2. He alleges Disciplinary Hearing Board Officer Smith violated his due process rights on April 18, 2022, when he found Cross guilty of damaging his cell based on a photograph. He filed an appeal four days later, but Warden Ron Neal never responded. Cross claims he wasn't able to proceed in challenging the disciplinary findings without Warden Neal's response. He has sued Lieutenant Lott, DHB Officer Smith, and Warden Neal for the return of his restitution money because they "took [his] stimulus check for restitution." *Id*. at 4. He also seeks monetary damages for "pain and suffering for not being able to buy hygiene and food to eat." *Id*.

Although it's not entirely clear, it appears Cross is solely challenging the imposition of restitution as part of his sanction during the disciplinary process.[1] The Fourteenth Amendment guarantees prisoners the following procedural due process rights prior to being deprived of a protected interest through a prison disciplinary hearing: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and

---

[1] It's not clear if any other sanctions were imposed. To the extent Cross intends to challenge the finding of guilt related to any good-time credit lost, habeas corpus is his exclusive remedy. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . .."). To that end, he can only pursue a claim that he was wrongfully charged and sanctioned with the loss of good-time credit under 42 U.S.C. § 1983 if the guilty finding has been overturned. *See Edwards v. Balisok*, 520 U.S. 641, 643 (1997) ("[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.").

correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974). To satisfy due process, before an inmate is deprived of a protected interest, there must be "some evidence" in the record to support the deprivation. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985); *Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986). Where an inmate alleges funds were removed from his account to pay restitution related to a disciplinary offense without any evidence to support the amount of the restitution award, he may potentially state a claim pursuant to the Due Process Clause of the Fourteenth Amendment. *See Tonn v. Dittmann*, 607 Fed. Appx. 589 (7th Cir. 2015) (dismissal of inmate's due process claim was vacated because he "adequately alleged that the restitution order was not supported by *any* evidence") (emphasis added). However, where an inmate is provided with a hearing consistent with *Wolff*, due process is satisfied for purposes of both revocation of good-time credits and assessment of restitution. *Campbell*, 787 F.2d at 224 n.12.

Here, Cross hasn't sufficiently described a violation of his due process rights related to the restitution or alleged that the restitution sanction was not supported by any evidence, so he hasn't stated a plausible claim. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original); *see also Bissessur*, 581 F.3d at 602 (claim must be plausible on its face and complaint must provide adequate factual content).

3

Cross also alleges his due process rights were violated when Warden Neal "would not respond to [his] appeal" after he submitted it to "WCU Counselor Carroll." ECF 6 at 2. While the right to procedural due process affords prisoners certain enumerated rights for disciplinary proceedings, the right to administrative appeal is not included among them. *Wolff*, 418 U.S. at 563-66; *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (warning against adding additional due process protections beyond those provided by *Wolff*). Furthermore, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, Cross has not stated a claim on this basis either.

The amended complaint does not state any claims for which relief can be granted. If Cross believes he can state a claim based on (<u>and consistent with</u>) the events described in this complaint, he may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **<u>Pro Se 14 (INND Rev. 2/20) Prisoner Complaint</u>** form which is available from his law library. He needs to write the word "Second Amended" on the

4

first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.[2]

For these reasons, the court:

(1) GRANTS Raymond Earl Cross until **April 24, 2024**, to file a second amended complaint; and

(2) CAUTIONS Raymond Earl Cross if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state any claims for which relief can be granted.

SO ORDERED on March 20, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

---

[2] Additionally, in his second amended complaint, Cross needs to provide further details about the disciplinary proceedings at issue including which infraction(s) he was charged with, what sanctions were imposed as a result of the finding of guilt, and what specific acts—and by whom—led to the violation of his due process rights. If available, Cross should attach legible copies of the report of conduct, screening report, report of disciplinary hearing, letter from a final reviewing authority, and any other relevant documents.